1  JEREMY PASTERNAK, ESQ., BAR NO: 181618
   jdp@pasternaklaw.com
2  DEANNA L. MAXFIELD, ESQ., BAR NO: 291913
   dm@pasternaklaw.com
3  LAW OFFICES OF JEREMY PASTERNAK
   A Professional Corporation
4  354 Pine Street, Fifth Floor
   San Francisco, CA 94104
5  Telephone: (415) 693-0300
   Facsimile: (415) 693-0393
6
   Attorneys for Plaintiff
7  BRITTNEY BLANCO

8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY BLANCO, an individual, | Case No. _____ |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR: |
| v. | 1. Discrimination on the Basis of Sex in Violation of the Fair Employment and Housing Act (Cal. Gov. Code §§ 12940, et seq.); |
| ANTIOCH POLICE DEPARTMENT, a governmental entity; CITY OF ANTIOCH, a governmental entity; and Does 1-20, inclusive, | |
| Defendants. | |
| | 2. Discrimination on the Basis of Pregnancy and/or Potential Pregnancy in Violation of the Fair Employment and Housing Act (Cal. Gov. Code §§ 12940, et seq.); |
| | 3. Retaliation in Violation of the California Fair Employment and Housing Act (Cal. Gov. Code §§ 12940 et seq.); |
| | 4. Discrimination on the Basis of Sex in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et seq.); |
| | 5. Discrimination on the Basis of Pregnancy and/or Capacity to Become Pregnant in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et seq.); |

-1-
Complaint for Damages and Demand for Jury Trial

|   |   |
|---|---|
| 6. | Retaliation in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et seq.); |
| 7. | Violation of California Labor Code § 6310; |
| 8. | Violation of California Labor Code § 6311; |
| 9. | Violation of California Labor Code § 1102.5; |
|   | DEMAND FOR JURY TRIAL |

**COMPLAINT**

Now comes **BRITTNEY BLANCO,** Plaintiff in this action, and files this Complaint, and further alleges as follows:

**Parties to the Civil Action**

1. Plaintiff BRITTNEY BLANCO (hereinafter "Plaintiff" or "Ms. Blanco") is an adult natural person who is and was at all times mentioned herein a resident of the State of California.

2. Plaintiff is informed and believes, and thereon alleges that ANTIOCH POLICE DEPARTMENT, a governmental entity; CITY OF ANTIOCH, a governmental entity; and Does 1-20, inclusive, were, at all times material to this Complaint, the employer of the Plaintiff and were operating in the County of Contra Costa, California.

3. Plaintiff is informed and believes and thereon alleges that there exists and, at all times relevant to this complaint, existed a unity of interests between Defendants and/or Does 1-20 such that any individuality and separateness between Defendants and/or Does 1-20 has ceased, and Defendants and/or Does 1-20 are the alter ego of the Defendants and/or Does 1-20 and exerted control over each other. Adherence to the fiction of the separate existence of Defendants and/or Does 1-20 as an entity distinct from other certain Defendants and/or Does 1-20 will permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

Does 1-20 inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend her Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences alleged herein, and that the damages of Plaintiff alleged herein were proximately caused by these Defendants.

5. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this Complaint, Defendants and/or Does 1-20 were the agents and employees of their co-Defendants and/or Does 1-20, and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment and acted in such a manner as to ratify the conduct of their co-Defendants and/or Does 1-20.

**Exhaustion of Administrative Remedies**

6. Plaintiff has filed a "Complaint of Discrimination Under The Provisions of The California Fair Employment and Housing Act" against Defendants herein with the California Department of Fair Employment and Housing ("DFEH") and has received a "Right to Sue" Notice and therefore has satisfied all administrative exhaustion requirements with respect to the claims herein under the Fair Employment and Housing Act.

7. Plaintiff has filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and has requested a "Right to Sue" Notice. Plaintiff will amend this complaint to reflect receipt of the "Right to Sue" Notice from the EEOC when she has received it.

8. Plaintiff has filed a Government Claim Form pursuant to California *Government Code* § 910, *et seq*. with the City of Antioch.

**Venue and Jurisdiction**

9. Venue is proper before this court as a substantial part of the actions and injuries giving rise to this Complaint took place in Antioch, California, and because Plaintiff performed her labors for Defendants and/or Does 1-20 in Antioch, California.

10. Plaintiff at all relevant times herein was an employee protected by the provisions of the California Fair Employment and Housing Act, California *Government Code* §12900 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.

11. Plaintiff is informed and believes and thereon alleges that Defendants and/or Does 1-20 are employers subject to suit under the Fair Employment and Housing Act, California *Government Code* §§ 12900, et seq., ("FEHA"), and its interpretive regulations.

12. Plaintiff is informed and believes and thereon alleges that Defendant and/or Does 1-20 are employers subject to suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., including the Pregnancy Discrimination Act, and its interpretive regulations.

13. The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. § 1331 (Federal Question).

### Intradistrict Assignment

14. Pursuant to Civil L.R. 3-2(b)(c), this case shall be assigned to the San Francisco Division or the Oakland Division of this Court, as this case arises in Contra Costa County, California.

### Facts Common to All Claims for Relief

15. At all relevant time periods herein, Plaintiff was an employee of Defendants and/or Does 1-20.

16. Ms. Blanco was hired by Defendants and/or Does 1-20 in February 2018 as a Police Officer.

### Facts Relevant to the First through Sixth Claims for Relief

17. In February or March, 2019, Ms. Blanco informed her employer that she was pregnant. In late March, she suffered a miscarriage and required time off of work for medical treatment.

18. In early May, 2019, the Chief of Police asked Ms. Blanco if she was going to try to get pregnant again. She confirmed that she was planning to do so.

19. Around this same time, Plaintiff was placed on a Performance Improvement Plan ("PIP"). She was taken off the PIP in mid-June, 2019, but was told that her status as a probationary employee was being extended (rather than her probation period being satisfied and becoming a "regular" employee).

20. Shortly thereafter, Ms. Blanco spoke to a Human Resources representative about the

fact that she felt she was being discriminated against because of her gender and her potential pregnancy. She also told the Human Resources representative that the discrimination she was experiencing would not dissuade her from trying to have a child.

21. In late July, 2019, Human Resources confirmed to Plaintiff that they had spoken to the Chief of Police about her complaints.

22. Shortly thereafter, in late July or early August, 2019, the Chief of Police confronted Ms. Blanco angrily and told her it was "out of line" and "unacceptable" to make a complaint to Human Resources.

23. On August 14, 2019, Plaintiff was fired by Defendants and/or Does 1-20.

24. Ms. Blanco is informed and believes and thereon alleges that Defendants and/or Does 1-20 discriminated against her on the basis of her pregnancy, potential pregnancy, and/or gender in violation of the California Fair Employment and Housing Act.

25. Ms. Blanco is informed and believes and thereon alleges that Defendant discriminated against her on the basis of her pregnancy, potential pregnancy, and/or gender in violation of Title VII of the Civil Rights Act and the Pregnancy Discrimination Act.

**Facts Relevant to the Seventh through Ninth Claims for Relief**

26. Ms. Blanco's registered domestic partner's ex-brother-in-law, John Paul Hulleman, was also a police officer during her employment. He was hostile toward her, and in fact during training he shot a simulated round (which contained a paint projectile) over her head, almost hitting her. Because of their strained relationship, she was told upon hiring the Chief of Police that they would not work the same shift.

27. Mr. Hulleman and Ms. Blanco worked different shifts for some time, but in 2019 Ms. Blanco's scheduled shift changed so that her and Mr. Hulleman's shifts overlapped and they worked together at times. Ms. Blanco was concerned that because of their relationship and Mr. Hulleman's hostile attitude toward her, if she needed his assistance while on duty he would not adequately protect/assist her. Working with him made her feel unsafe.

28. In or around late June, 2019, Ms. Blanco spoke to Human Resources about her concerns regarding being scheduled to work with Mr. Hulleman and asked that they no longer be

Complaint for Damages and Demand for Jury Trial

scheduled for overlapping shifts.

29. As also alleged in Paragraph 21 herein, in late July, 2019, Human Resources confirmed that they had spoken to the Chief of Police about Plaintiff's complaints. Plaintiff is informed and believes and thereon alleges that these "complaints" included both those about pregnancy and gender, as referenced above, but also about the safety issues relating to Mr. Hulleman.

30. As also alleged in Paragraph 22 herein, shortly thereafter, in late July or early August, 2019, the Chief of Police confronted her angrily and told her it was "out of line" and "unacceptable" to make a complaint to Human Resources.

31. As also alleged in Paragraph 23 herein, on August 14, 2019, Ms. Blanco was fired by Defendants and/or Does 1-20.

32. Ms. Blanco is informed and believes and thereon alleges that Defendants and/or Does 1-20 retaliated against her for making a safety-related complaint to her employer, in violation of the California *Labor Code*.

**First Claim for Relief**
**Discrimination on the Basis of Sex in Violation of the Fair Employment and Housing Act**
**(Cal. Gov. Code §§ 12940, et seq.)**
As Against All Defendants and/or Does 1-20

33. Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

34. Plaintiff is and at all times relevant to this complaint was protected from discrimination on the basis of her sex by California *Government Code* §§12940, et seq.

35. Plaintiff is informed and believes and thereon alleges that she was discriminated against in the terms and conditions of her employment, as outlined above, on the basis of her sex in violation of FEHA.

36. Plaintiff is informed and believes and thereon alleges that Defendants and/or Does 1-20 willfully and/or with reckless indifference violated California *Government Code* Sections 12940 *et seq.* and discriminated against Plaintiff as outlined above. Such discrimination has resulted in damage and injury to Plaintiff as alleged herein.

37. As a direct and proximate result of the unlawful conduct of Defendants and/or Does

1-20, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

38. As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment, humiliation, emotional distress, stress, and other damages to be proven at the time of trial.

39. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants and/or Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

40. As a result of the conduct of Defendant and/or Does 1-20, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**Second Claim for Relief**
**Discrimination on the Basis of Pregnancy and/or Potential Pregnancy in Violation of the Fair Employment and Housing Act**
**(Cal. Gov. Code §§ 12940, et seq.)**
As Against All Defendants and/or Does 1-20

41. Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

42. Plaintiff is and at all times relevant to this complaint was protected from discrimination on the basis of her sex, including but not limited to on the basis of her pregnancy and/or capacity/potential to become pregnant, by California *Government Code* §§12940, *et seq*. California *Government Code* § 12926(r) defines "sex," for the purposes of the Fair Employment and Housing Act, to include pregnancy and medical conditions related to pregnancy.

43. Plaintiff is informed and believes and thereon alleges that she was discriminated against in the terms and conditions of her employment, as outlined above, on the basis of pregnancy and/or her capacity/potential to become pregnant, in violation of FEHA.

44. Plaintiff is informed and believes and thereon alleges that Defendants and/or Does 1-20 willfully and/or with reckless indifference violated California *Government Code* Sections 12940 *et seq.* and discriminated against Plaintiff as outlined above. Such discrimination has resulted in damage and injury to Plaintiff as alleged herein.

45. As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

46. As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment, humiliation, emotional distress, stress, and other damages to be proven at the time of trial.

47. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants and/or Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

48. As a result of the conduct of Defendant and/or Does 1-20, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**Third Claim for Relief**
**Retaliation in Violation of the California Fair Employment and Housing Act (Cal. Gov. Code §§ 12940 et seq.)**
Against All Defendants and/or Does 1-20

49. By this reference, Plaintiff hereby incorporates each and every paragraph set forth above as though fully set forth herein.

50. Plaintiff is informed and believes and thereon alleges that as a result of her good-faith complaints of discrimination on the basis of sex and/or pregnancy and/or capacity/potential to become pregnant, she was retaliated against in her employment. This retaliation included but was not limited to the adverse treatment and harassing and retaliatory conduct alleged herein, including

but not limited to the termination of Plaintiff's employment, by Defendants and/or Does 1-20.

51. Plaintiff is informed and believes and thereon alleges that Defendants and/or Does 1-20, willfully and/or with reckless indifference, violated California *Government Code* § 12940 *et seq.* and retaliated against Plaintiff as outlined above, which has resulted in damage and injury to Plaintiff as alleged herein.

52. As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

53. As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment, emotional distress, stress, and other damages to be proven at the time of trial.

54. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants and/or Does 1-20 are therefore liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

55. As a result of the conduct of Defendants and/or Does 1-20, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**Fourth Claim for Relief**
**Discrimination on the Basis of Sex in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et seq.)**
Against All Defendants and Does 1-20

56. Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

57. Plaintiff is protected from discrimination on the basis of her sex by Title VII of the Civil Rights Act of 1964, 42 *United States Code* §§ 2000e, *et seq*.

58. Plaintiff is informed and believes and thereon alleges that she was discriminated

against in the terms and conditions of her employment, as outlined above, on the basis of her sex, in violation of Title VII.

59.     Plaintiff is informed and believes and thereon alleges that Defendants and/or Does 1-20 willfully and/or with reckless indifference violated Title VII of the Civil Rights Act of 1964, and discriminated against Plaintiff as outlined above, on the basis of sex.  Such discrimination has resulted in damage and injury to Plaintiff as alleged herein.

60.     As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

61.     As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment, humiliation, emotional distress, stress, and other damages to be proven at the time of trial.

62.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants and/or Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

63.     As a result of the conduct of Defendants and/or Does 1-20, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**Fifth Claim for Relief**
**Discrimination on the Basis of Pregnancy and/or Capacity to Become Pregnant in Violation of Title VII of the Civil Rights Act of 1964**
**(42 U.S.C. §§ 2000e, et seq.)**
Against All Defendants and Does 1-20

64.     Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

65.     Plaintiff is protected from discrimination on the basis of pregnancy and the

potential/capacity to become pregnant by Title VII of the Civil Rights Act of 1964, 42 *United States Code* §§ 2000e, *et seq.*, including the Pregnancy Discrimination Act.

66.  Plaintiff is informed and believes and thereon alleges that she was discriminated against in the terms and conditions of her employment, as outlined above, on the basis of pregnancy and/or her potential/capacity to become pregnant, in violation of Title VII.

67.  Plaintiff is informed and believes and thereon alleges that Defendants and/or Does 1-20 willfully and/or with reckless indifference violated Title VII of the Civil Rights Act of 1964, and discriminated against Plaintiff as outlined above, on the basis of pregnancy and/or her capacity/potential to become pregnant.  Such discrimination has resulted in damage and injury to Plaintiff as alleged herein.

68.  As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

69.  As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment, humiliation, emotional distress, stress, and other damages to be proven at the time of trial.

70.  The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants and/or Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

71.  As a result of the conduct of Defendants and/or Does 1-20, Plaintiff was forced to retain an attorney in order to protect her rights.  Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

/ / /

/ / /

/ / /

## Sixth Claim for Relief
**Retaliation in Violation of Title VII of the Civil Rights Act of 1964**
**(42 U.S.C. §§ 2000e, et seq.)**
Against All Defendants and Does 1-20

72. By this reference, Plaintiff hereby incorporates each and every paragraph set forth above as though fully set forth herein.

73. Plaintiff is informed and believes and thereon alleges that because she complained about sex and/or pregnancy discrimination in the workplace as set forth above, she was retaliated against in her employment. This retaliation included but was not limited to the termination of her employment with Defendants and/or Does 1-20.

74. Plaintiff is informed and believes and thereon alleges that Defendants and/or Does 1-20, willfully and/or with reckless indifference, violated 42 U.S.C. §§ 2000e, *et seq.*, and retaliated against Plaintiff as outlined above, which has resulted in damage and injury to Plaintiff as alleged herein.

75. As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

76. As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment, emotional distress, stress, and other damages to be proven at the time of trial.

77. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants and/or Does 1-20 are therefore liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

78. As a result of the conduct of Defendants and/or Does 1-20, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**Seventh Claim for Relief**
**Violation of California Labor Code § 6310**
Against All Defendants and/or Does 1-20

79. By this reference, Plaintiff hereby incorporates each and every paragraph set forth above as though fully set forth herein.

80. California *Labor Code* § 6310 sets forth that no person shall discharge or in any manner discriminate against any employee in the terms and conditions of employment because the employee has made complaints in reference to employee safety or health.

81. As is set forth above, Plaintiff engaged in protected activity by making a bona fide complaint to Defendants and/or Does 1-20 regarding employee safety and/or unsafe working conditions.

82. As is set forth above, Defendants and/or Does 1-20 refused to make assurances to Plaintiff of her safety in the workplace and/or to take measures to ensure for the Plaintiff her safety in the workplace.

83. As is set forth above, Plaintiff is informed and believes and thereon alleges that Defendants and/or Does 1-20 terminated Plaintiff's employment in retaliation for her complaints regarding employee safety or health and/or unsafe working conditions.

84. As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered special damages including but not limited to past and future loss of income and benefits and other damages to be proven at time of trial.

85. As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered general damages including but not limited to embarrassment, humiliation, emotional distress, stress, and other damages to be proven at the time of trial.

86. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants and/or Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

87. As a result of the conduct of Defendants and/or Does 1-20, Plaintiff was forced to

retain an attorney in order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### Eighth Claim for Relief
**Violation of California Labor Code § 6311**
Against All Defendants and/or Does 1-20

88. By this reference, Plaintiff hereby incorporates each and every paragraph set forth above as though fully set forth at this place.

89. California *Labor Code* § 6311 sets forth that no employee shall be laid off or discharged for refusing to perform work in violation of health and safety standards, where the violation would create a real and apparent hazard to the employee or his or her fellow employees.

90. As is set forth above, Plaintiff engaged in protected activity by making a bona fide complaint to Defendants and/or Does 1-20 regarding employee safety or health and/or unsafe working conditions.

91. As is set forth above, Defendants and/or Does 1-20 refused to make assurances to Plaintiff of her safety in the workplace and/or to take measures to ensure for the Plaintiff's safety in the workplace.

92. As is set forth above, Defendants and/or Does 1-20 terminated Plaintiff's employment because of Plaintiff's complaints regarding employee safety or health and/or unsafe working conditions and/or refusal to work under such conditions.

93. As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

94. As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment, humiliation, emotional distress, stress, and other damages to be proven at the time of trial.

95. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times

1  relevant to this Complaint within the scope and course of their employment. Defendants and/or
2  Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of
3  Strict Liability.

4      96.    As a result of the conduct of Defendants and Does 1-20, Plaintiff was forced to retain
5  an attorney in order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees
6  and costs incurred in this litigation in an amount according to proof at trial.

7      WHEREFORE, Plaintiff prays for judgment as set forth below.

### Ninth Claim for Relief
### Violation of California Labor Code § 1102.5
Against All Defendants and/or Does 1-20

97. By this reference, Plaintiff hereby incorporates each and every paragraph set forth above as though fully set forth at this place.

98. California *Labor Code* § 1102.5 sets forth that no employer may retaliate against an employee for disclosing information to a government or law enforcement agency, or to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct a violation or noncompliance, where the employee has reasonable cause to believe that the information discloses a violation of local, state or federal statute, or a violation or noncompliance with a local, state or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

99. As is set forth above, Plaintiff engaged in protected activity by disclosing and complaining of a safety issue. This could be reasonably understood to relate to, and Plaintiff is informed and believes and thereon alleges it was understood to relate to, actual or possible violations of state and/or local workplace heath and safety codes.

100. As is set forth above, Defendants and/or Does 1-20 retaliated against Plaintiff by refusing to address her concerns, refusing to provide her with a safe workplace, and terminating her on account of the same.

101. As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered special damages including but not limited to past and future loss of

income and benefits and other damages to be proven at time of trial.

102. As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment, humiliation, emotional distress, stress, and other damages to be proven at the time of trial.

103. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants and/or Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

104. As a result of the conduct of Defendants and/or Does 1-20, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**Prayer for Relief**

WHEREFORE, Plaintiff makes the following demand:

As to the First through Ninth Causes of Action set forth herein, Plaintiff prays:

    a)    That process be issued and served as provided by law, requiring Defendants to appear and answer or face judgment;

    b)    That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial as special damages;

    c)    That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial as general damages;

    d)    That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial for expenses of this litigation, including, but not limited to, reasonable attorney's fees and costs;

    e)    That Plaintiff have and recover a judgment against Defendants for all prejudgment interest;

Complaint for Damages and Demand for Jury Trial

f) That Plaintiff have such other relief as this Court deems just and appropriate.

Date: April 21, 2020

**LAW OFFICES OF JEREMY PASTERNAK**
**A Professional Corporation**

By: _____
JEREMY PASTERNAK
DEANNA L. MAXFIELD
Attorneys for Plaintiff
BRITTNEY BLANCO

**Plaintiff Demands Trial by Jury**.

Date: April 21, 2020

**LAW OFFICES OF JEREMY PASTERNAK**
**A Professional Corporation**

By: _____
JEREMY PASTERNAK
DEANNA L. MAXFIELD
Attorneys for Plaintiff
BRITTNEY BLANCO