Thomas F. Bertrand, State Bar No. 056560
Ethan M. Lowry, State Bar No. 278831
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:      tbertrand@bfesf.com
            elowry@bfesf.com

Attorneys for Defendant
CITY OF ANTIOCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY BLANCO,<br><br>          Plaintiff,<br><br>v.<br><br>ANTIOCH POLICE DEPARTMENT; CITY OF ANTIOCH; and Does 1-20, inclusive,<br><br>          Defendants. | Case No. 3:20-cv-02764-TSH<br><br>**DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**Hon. Thomas S. Hixson** |

Defendant CITY OF ANTIOCH (hereinafter "CITY")[1] hereby requests a jury trial in the above captioned matter and answers the Complaint on file of plaintiff BRITTNEY BLANCO in the same order of paragraphs as set forth therein and alleges as follows:

**ANSWER TO ALLEGATIONS ENTITLED "Parties to the Civil Action"**

1.      Answering paragraph 1 of the Complaint, the CITY lacks information and belief sufficient to answer the allegations contained within this paragraph and on that basis denies them.

2.      Answering paragraph 2 of the Complaint, the CITY admits that Plaintiff was employed as

---

[1] Plaintiff also purportedly names as a separate party defendant the CITY's police department which is not a separate public entity capable of being sued in this action, and therefore the CITY's answer covers/includes its subdivision/police department.

a police officer by the CITY from on or about February 13, 2018 until on or about August 14, 2019.  The CITY admits that it is a local governmental entity operating in Contra Costa County.  The CITY denies that the ANTIOCH POLICE DEPARTMENT is a governmental entity separate from the CITY.

3.      Answering paragraph 3 of the Complaint, the CITY lacks information and belief sufficient to answer the allegations contained within this paragraph and on that basis denies them.

4.      Answering paragraph 4 of the Complaint, the CITY lacks information and belief sufficient to answer the allegations contained within this paragraph and on that basis denies them.

5.      Answering paragraph 5 of the Complaint, the CITY lacks information and belief sufficient to answer the allegations contained within this paragraph and on that basis denies them.

**ANSWER TO ALLEGATIONS ENTITLED "Exhaution of Administrative Remedies"**

6.      Answering paragraph 6 of the Complaint, the CITY lacks information and belief sufficient to answer the allegations contained within this paragraph and on that basis denies them.

7.      Answering paragraph 7 of the Complaint, the CITY admits that Plaintiff filed a charge with the EEOC.  The CITY lacks information and belief sufficient to admit or deny the remaining allegations contained within this paragraph and on that basis denies them.

8.      Answering paragraph 8 of the Complaint, the CITY admits that Plaintiff, through her attorney, presented a Government Tort Claim to the CITY.

**ANSWER TO ALLEGATIONS ENTITLED "Venue and Jurisdiction"**

9.      Answering paragraph 9 of the Complaint, the CITY admits that this case is properly venued with this Court.

10.      Answering paragraph 10 of the Complaint, the CITY asserts that the allegations contained within this paragraph are legal conclusions to which no response is required.

11.      Answering paragraph 11 of the Complaint, the CITY asserts that the allegations contained within this paragraph are legal conclusions to which no response is required.

12.      Answering paragraph 12 of the Complaint, the CITY asserts that the allegations contained within this paragraph are legal conclusions to which no response is required.

13.      Answering paragraph 13 of the Complaint, the CITY admits that this Court has jurisdiction over Plaintiff's claims.

**ANSWER TO ALLEGATIONS ENTITLED "Intradistrict Assignment"**

14.    Answering paragraph 14 of the Complaint, the CITY admits that this case is properly assigned to the San Francisco or Oakland Division of this Court.

**ANSWER TO ALLEGATIONS ENTITLED "Facts Common to All Claims for Relief"**

15.    Answering paragraph 15 of the Complaint, the CITY admits that Plaintiff was employed as a police officer by the CITY from on or about February 13, 2018 until on or about August 14, 2019. The CITY lacks information and belief sufficient to admit or deny the remaining allegations contained within this paragraph and on that basis denies them.

16.    Answering paragraph 16 of the Complaint, the CITY admits that Plaintiff was hired as a police officer by the CITY in February 2018.  The CITY lacks information and belief sufficient to admit or deny the remaining allegations contained within this paragraph and on that basis denies them.

**ANSWER TO ALLEGATIONS ENTITLED "Facts Relevant
to the First through Sixth Claims for Relief"**

17.    Answering paragraph 17 of the Complaint, the CITY admits that during Plaintiff's employment with the CITY, Plaintiff informed CITY employees that she was pregnant and later told CITY employees that she had suffered a miscarriage and requested time off work after doing so.  The CITY lacks information and belief sufficient to admit or deny the remaining allegations contained within this paragraph and on that basis denies them.

18.    Answering paragraph 18 of the Complaint, the CITY admits that on one occasion the Chief of Police in a show of support for her asked if Plaintiff intended to try to get pregnant again but denies that Plaintiff "confirmed that she was planning to do so." The CITY lacks information and belief sufficient to admit or deny the remaining allegations contained within this paragraph and on that basis denies them.

19.    Answering paragraph 19 of the Complaint, the CITY admits that on or about May 2019 Plaintiff was placed on a Performance Improvement Plan ("PIP") for legitimate, work performance related issues.  The CITY admits that she was taken off the PIP on or about June or July 2019 and that her probationary period as a police officer was extended.

20.    Answering paragraph 20 of the Complaint, the CITY denies all allegations contained in

this paragraph.

21.     Answering paragraph 21 of the Complaint, the CITY denies the allegations contained in paragraph 20 of the Complaint and therefore denies the allegations contained in this paragraph.

22.     Answering paragraph 22 of the Complaint, the CITY admits that the Chief of Police informed Plaintiff that it was inappropriate to complain to Human Resources about something as routine as her shift assignment. The CITY lacks information and belief sufficient to admit or deny the remaining allegations contained within this paragraph and on that basis denies them.

23.     Answering paragraph 23 of the Complaint, the CITY admits that Plaintiff was released from her employment as a probationary police officer with the CITY on or about August 14, 2019.

24.     Answering paragraph 24 of the Complaint, the CITY denies that Plaintiff was discriminated against at any time during her employment with the CITY.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

25.     Answering paragraph 25 of the Complaint, the CITY denies that Plaintiff was discriminated against at any time during her employment with the CITY.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

## ANSWER TO ALLEGATIONS ENTITLED "Facts Relevant to the Seventh through Ninth Claims for Relief"

26.     Answering paragraph 26 of the Complaint, the CITY admits that Officer Hulleman was and is employed as a police officer by the CITY.  The CITY denies that Plaintiff was told upon hiring that Plaintiff and Officer Hulleman would not work the same shift.  The CITY lacks information and belief sufficient to admit or deny the remaining allegations contained within this paragraph and on that basis denies them.

27.     Answering paragraph 27 of the Complaint, the CITY admits that in 2019 Plaintiff was assigned to a shift that partially overlapped with Officer Hulleman's shift.  The CITY lacks information and belief sufficient to admit or deny the remaining allegations contained within this paragraph and on that basis denies them.

28.     Answering paragraph 28 of the Complaint, the CITY admits that Plaintiff complained to Human Resources about her shift assignment.   The CITY denies the remaining factual allegations

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.: 3:20-cv-02764-TSH

contained in this paragraph.

29.     Answering paragraph 29 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the allegations contained within this paragraph and on that basis denies them.

30.     Answering paragraph 30 of the Complaint, the CITY admits that the Chief of Police informed Plaintiff that it was inappropriate to complain to Human Resources about her shift assignment. The CITY lacks information and belief sufficient to admit or deny the remaining allegations contained within this paragraph and on that basis denies them.

31.     Answering paragraph 31 of the Complaint, the CITY admits that Plaintiff was released from her employment as a probationary police officer with the CITY on or about August 14, 2019.

32.     Answering paragraph 32 of the Complaint, the CITY denies that Plaintiff was retaliated against at any time during her employment with the CITY.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

### ANSWER TO FIRST CAUSE OF ACTION: "Discrimination on the Basis of Sex in Violation of the Fair Employment and Housing Act (Cal. Gov. Code §§ 12940, et seq.) As Against All Defendants and/or Does 1-20"

33.     Answering paragraph 33 of the Complaint, the CITY incorporates by reference its answers to the incorporated paragraphs.

34.     Answering paragraph 34 of the Complaint, the CITY asserts that the allegations contained within this paragraph are legal conclusions to which no response is required.

35.     Answering paragraph 35 of the Complaint, the CITY asserts that the allegations contained within this paragraph are legal conclusions to which no response is required.

36.     Answering paragraph 36 of the Complaint, the CITY asserts that the allegations contained within this paragraph are legal conclusions to which no response is required.

37.     Answering paragraph 37 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

38.     Answering paragraph 38 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies

them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

39.    Answering paragraph 39 of the Complaint, the CITY asserts that the allegations contained within this paragraph are legal conclusions to which no response is required. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

40.    Answering paragraph 40 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

**ANSWER TO SECOND CAUSE OF ACTION: "Discrimination on the Basis of Pregnancy and/or Potential Pregnancy in Violation of the Fair Employment and Housing Act (Cal. Gov. Code §§ 12940, et seq.) As Against All Defendants and/or Does 1-20"**

41.    Answering paragraph 41 of the Complaint, the CITY incorporates by reference its answers to the incorporated paragraphs.

42.    Answering paragraph 42 of the Complaint, the CITY asserts that the allegations contained within this paragraph are legal conclusions to which no response is required.

43.    Answering paragraph 43 of the Complaint, the CITY denies that Plaintiff was discriminated against at any time during her employment with the CITY.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

44.    Answering paragraph 44 of the Complaint, the CITY denies that Plaintiff was discriminated against at any time during her employment with the CITY.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

45.    Answering paragraph 45 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

46.    Answering paragraph 46 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.: 3:20-cv-02764-TSH

them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

47.     Answering paragraph 47 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

48.     Answering paragraph 48 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

**ANSWER TO THIRD CAUSE OF ACTION: "Retaliation in Violation of the California Fair Employment and Housing Act (Cal. Gov. Code §§ 12940, et seq.) Against All Defendants and/or Does 1-20"**

49.     Answering paragraph 49 of the Complaint, the CITY incorporates by reference its answers to the incorporated paragraphs.

50.     Answering paragraph 50 of the Complaint, the CITY denies that Plaintiff was retaliated against at any time during her employment with the CITY.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

51.     Answering paragraph 51 of the Complaint, the CITY denies that Plaintiff was retaliated against at any time during her employment with the CITY.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

52.     Answering paragraph 52 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

53.     Answering paragraph 53 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

7

54.     Answering paragraph 54 of the Complaint, the CITY denies that Plaintiff was retaliated against at any time during her employment with the CITY.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

55.     Answering paragraph 55 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

<u>**ANSWER TO FOURTH CAUSE OF ACTION: "Discrimination on the Basis of Sex in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et seq.) Against All Defendants and Does 1-20"**</u>

56.     Answering paragraph 56 of the Complaint, the CITY incorporates by reference its answers to the incorporated paragraphs.

57.     Answering paragraph 57 of the Complaint, the CITY asserts that the allegations contained within this paragraph are legal conclusions to which no response is required.

58.     Answering paragraph 58 of the Complaint, the CITY denies that Plaintiff was discriminated against at any time during her employment with the CITY.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

59.     Answering paragraph 59 of the Complaint, the CITY denies that Plaintiff was discriminated against at any time during her employment with the CITY.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

60.     Answering paragraph 60 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

61.     Answering paragraph 61 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

62.     Answering paragraph 62 of the Complaint, the CITY lacks information and belief

8

sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

63.      Answering paragraph 63 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

**ANSWER TO FIFTH CAUSE OF ACTION: "Discrimination on the Basis of Pregnancy and/or Capacity to Become Pregnant in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et seq.) Against All Defendants and Does 1-20"**

64.      Answering paragraph 64 of the Complaint, the CITY incorporates by reference its answers to the incorporated paragraphs.

65.      Answering paragraph 65 of the Complaint, the CITY asserts that the allegations contained within this paragraph are legal conclusions to which no response is required.

66.      Answering paragraph 66 of the Complaint, the CITY denies that Plaintiff was discriminated against at any time during her employment with the CITY.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

67.      Answering paragraph 67 of the Complaint, the CITY denies that Plaintiff was discriminated against at any time during her employment with the CITY.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

68.      Answering paragraph 68 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

69.      Answering paragraph 69 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

70.      Answering paragraph 70 of the Complaint, the CITY lacks information and belief

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.: 3:20-cv-02764-TSH

sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

71.    Answering paragraph 71 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

**ANSWER TO SIXTH CAUSE OF ACTION: "Retaliation in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et seq.) Against All Defendants and Does 1-20"**

72.    Answering paragraph 72 of the Complaint, the CITY incorporates by reference its answers to the incorporated paragraphs.

73.    Answering paragraph 73 of the Complaint, the CITY denies that Plaintiff was retaliated against at any time during her employment with the CITY.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

74.    Answering paragraph 74 of the Complaint, the CITY denies that Plaintiff was retaliated against at any time during her employment with the CITY.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

75.    Answering paragraph 75 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

76.    Answering paragraph 76 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

77.    Answering paragraph 77 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal

conclusions to which no response is required.

78.     Answering paragraph 78 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

**ANSWER TO SEVENTH CAUSE OF ACTION: "Violation of California Labor Code § 6310 Against All Defendants and Does 1-20"**

79.     Answering paragraph 79 of the Complaint, the CITY incorporates by reference its answers to the incorporated paragraphs.

80.     Answering paragraph 80 of the Complaint, the CITY asserts that the allegations contained within this paragraph are legal conclusions to which no response is required.

81.     Answering paragraph 81 of the Complaint, the CITY denies the factual allegations contained in this paragraph.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

82.     Answering paragraph 82 of the Complaint, the CITY denies the factual allegations contained in this paragraph.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

83.     Answering paragraph 83 of the Complaint, the CITY denies the factual allegations contained in this paragraph.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

84.     Answering paragraph 84 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

85.     Answering paragraph 85 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.: 3:20-cv-02764-TSH

86.     Answering paragraph 86 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

87.     Answering paragraph 87 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

## ANSWER TO EIGHTH CAUSE OF ACTION: "Violation of California Labor Code § 6311 Against All Defendants and Does 1-20"

88.     Answering paragraph 88 of the Complaint, the CITY incorporates by reference its answers to the incorporated paragraphs.

89.     Answering paragraph 89 of the Complaint, the CITY asserts that the allegations contained within this paragraph are legal conclusions to which no response is required.

90.     Answering paragraph 90 of the Complaint, the CITY denies the factual allegations contained in this paragraph.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

91.     Answering paragraph 91 of the Complaint, the CITY denies the factual allegations contained in this paragraph.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

92.     Answering paragraph 92 of the Complaint, the CITY denies the factual allegations contained in this paragraph.  The remaining allegations contained within this paragraph are legal conclusions to which no response is required.

93.     Answering paragraph 93 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

94.     Answering paragraph 94 of the Complaint, the CITY lacks information and belief

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.: 3:20-cv-02764-TSH

1  sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies

2  them. The CITY asserts that the remaining allegations contained within this paragraph are legal

3  conclusions to which no response is required.

4  　　　　95.　　Answering paragraph 95 of the Complaint, the CITY lacks information and belief

5  sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies

6  them. The CITY asserts that the remaining allegations contained within this paragraph are legal

7  conclusions to which no response is required.

8  　　　　96.　　Answering paragraph 96 of the Complaint, the CITY lacks information and belief

9  sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies

10  them. The CITY asserts that the remaining allegations contained within this paragraph are legal

11  conclusions to which no response is required.

12  **ANSWER TO NINTH CAUSE OF ACTION: "Violation of**
13  **California Labor Code § 1102.5 Against All Defendants and/or Does 1-20"**

14  　　　　97.　　Answering paragraph 88 of the Complaint, the CITY incorporates by reference its answers

15  to the incorporated paragraphs.

16  　　　　98.　　Answering paragraph 89 of the Complaint, the CITY asserts that the allegations contained

17  within this paragraph are legal conclusions to which no response is required.

18  　　　　99.　　Answering paragraph 90 of the Complaint, the CITY denies the factual allegations

19  contained in this paragraph.　　The remaining allegations contained within this paragraph are legal

20  conclusions to which no response is required.

21  　　　　100.　　Answering paragraph 91 of the Complaint, the CITY denies the factual allegations

22  contained in this paragraph.　　The remaining allegations contained within this paragraph are legal

23  conclusions to which no response is required.

24  　　　　101.　　Answering paragraph 92 of the Complaint, the CITY lacks information and belief

25  sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies

26  them. The CITY asserts that the remaining allegations contained within this paragraph are legal

27  conclusions to which no response is required.

28  　　　　102.　　Answering paragraph 93 of the Complaint, the CITY lacks information and belief

13

sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

103.    Answering paragraph 94 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

104.    Answering paragraph 95 of the Complaint, the CITY lacks information and belief sufficient to admit or deny the factual allegations contained within this paragraph and on that basis denies them. The CITY asserts that the remaining allegations contained within this paragraph are legal conclusions to which no response is required.

## ANSWER TO ALLEGATIONS TITLED "PRAYER FOR RELIEF"

105.    Answering paragraphs a - f of the Complaint, the allegations therein set forth therein are non-factual, legal conclusions and prayers for relief.  Those allegations are denied accordingly.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against the CITY.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages are barred to the extent that they exceed the scope of her public entity claim(s) filed with this public entity answering defendant.

## THIRD AFFIRMATIVE DEFENSE

The employees, officers and agents of the CITY were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily consented to and participated in the acts complained of, and/or she failed to mitigate her damages, and said failure proximately contributed to the events and damages alleged in the Complaint.

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.: 3:20-cv-02764-TSH

1

**FIFTH AFFIRMATIVE DEFENSE**

2      Plaintiff's claims are barred by the doctrines of laches, estoppel, unclean hands and waiver, and

3 by all applicable federal and state statutes of limitation, including all claim filing requirements of the

4 California Government Claims Act.

5

**SIXTH AFFIRMATIVE DEFENSE**

6      Plaintiff herself was careless and negligent in and about the matters alleged in said Complaint and

7 said carelessness and negligence on her part proximately and concurrently contributed to her injuries and

8 damages, if any there were.

9

**SEVENTH AFFIRMATIVE DEFENSE**

10      Plaintiff failed to use available CITY procedures to complain of and/or remedy any alleged

11 discrimination and/or harassment and/or retaliation.

12

**EIGHTH AFFIRMATIVE DEFENSE**

13      The damages allegedly sustained by Plaintiff were caused or contributed to by the intentional or

14 negligent acts and/or omissions of persons or entities other than the CITY, including Plaintiff herself.  In

15 the event that any fault of the CITY is found to have contributed to any such damages, Plaintiff's

16 recovery, if any, from the CITY is limited to that percentage of Plaintiff's damages equal to the

17 percentage by which the CITY's fault contributed to said damages.

18

**NINTH AFFIRMATIVE DEFENSE**

19      The fault of parties other than the CITY contributed to and proximately caused the occurrence

20 described in the complaint filed herein.   Under the principles formulated in the case of *American*

21 *Motorcycle Association v. Superior Court*, 20 Cal.3d 578 (1978), the CITY is entitled to have the

22 percentage of such contribution established by special verdict or other procedure, such that the CITY's

23 ultimate liability is reduced to the extent of such contribution.

24

**TENTH AFFIRMATIVE DEFENSE**

25      Plaintiff's Complaint is barred by all applicable statutes of limitation and relevant statutory filing

26 requirements and time limitations, including all requirements for claims filed against public entities such

27 as this answering defendant, as well as Government Code sections 945.4 and 945.6 and related sections

28 thereof.

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.: 3:20-cv-02764-TSH

### ELEVENTH AFFIRMATIVE DEFENSE

The CITY alleges the provisions of the Public Liability Act of the California Government Code as a measure of its legal duties, if any, in this action.

### TWELFTH AFFIRMATIVE DEFENSE

The CITY is immune from liability pursuant to Government Code sections 815 and 815.2 in that the CITY and its employees are immune from liability and/or the acts and omissions complained of would not give rise to a cause of action against it or said employees.

### THIRTEENTH AFFIRMATIVE DEFENSE

The CITY is immune from liability pursuant to Government Code section 815.6 in that it exercised reasonable diligence at all times referred to in Plaintiff's Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

The CITY is immune from liability pursuant to Government Code section 820.2 in that the acts, omissions and conduct complained of by Plaintiff were the result of the exercise of discretion vested in employees.

### FIFTEENTH AFFIRMATIVE DEFENSE

The CITY is immune from liability pursuant to Government Code section 820.8 in that the acts and omissions of parties other than the CITY caused the injuries alleged by Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

The CITY alleges that, in the event it is found to be liable, which is expressly denied herein, it may elect to have damages, if any, in excess of the amount specified in California Government Code sections 984 *et seq*., and California Code of Civil Procedure section 667.7 paid in whole or in part as specified in California Code of Civil Procedure section 667.7.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The CITY is immune from liability pursuant to all remaining applicable provisions of the California Government Claims Act and other relevant statutes and/or regulations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery insofar as fraudulent acts on her part, had they been made known to the CITY, would have precluded her from being hired by the CITY.

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.: 3:20-cv-02764-TSH

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages are barred to the extent that they exceed the scope of the administrative complaint filed with the Department of Fair Employment and Housing and/or the EEOC.

### TWENTIETH AFFIRMATIVE DEFENSE

The CITY alleges that Plaintiff's damages are limited by the avoidable consequences doctrine.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff voluntarily, and with full knowledge of all matters set forth in the Complaint, assumed the risk of any and all the injuries, losses and damages alleged, if any there were.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The CITY alleges that Plaintiff was not able to perform the essential functions of her position.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The CITY alleges that Plaintiff's Complaint and all of its causes of action are barred because all acts of the CITY's actions affecting the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The CITY alleges that Plaintiff's Complaint and all of its causes of action are barred because the CITY's actions were neutral and were based on bona fide factors.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The CITY alleges that Plaintiff failed to exhaust any and all collective bargaining agreement remedies or other administrative remedies such that any claim for relief that Plaintiff may have is barred by law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The CITY alleges that Plaintiff's Complaint and each of its causes of action are barred because all acts of the CITY affecting the terms and/or conditions of Plaintiff's employment were privileged and done with good cause and/or pursuant to an official duty.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The CITY alleges that Plaintiff's Complaint and each of its causes of action are barred by

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.: 3:20-cv-02764-TSH

Plaintiff's willful misconduct.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for discrimination is barred because she cannot show that similarly situated employees were treated more favorably.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff failed and refused to mitigate her damages, if any there were, although she had an opportunity to do so, including but not limited to failing to utilize the CITY's policies and procedures to prevent harassment, discrimination, and retaliation.

**THIRTIETH AFFIRMATIVE DEFENSE**

The CITY alleges that it exercised reasonable care to prevent and correct promptly any allegedly harassing behavior, and that the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the CITY or to avoid harm otherwise.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

The CITY alleges that Plaintiff was reimbursed for any expenditures or losses, if any there were, incurred by Plaintiff during the discharge of her duties.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

The CITY alleges that, by reason of the exclusive remedies provided by the California Workers' Compensation Act, this Court lacks subject matter jurisdiction over Plaintiff's claims and/or lacks the power to grant certain remedies available only under the Workers' Compensation Act.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

The CITY alleges that Plaintiff was not performing her job duties satisfactorily and she was not a qualified individual as defined by California's Fair Employment and Housing Act.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

The CITY is immune from any award of punitive damages under California Government Code section 818.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

The CITY is immune from liability pursuant to all remaining applicable provisions of the California Tort Claims Act and other relevant statutes and/or regulations.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The CITY alleges that Plaintiff's retaliation claim fails because relevant decisions regarding Plaintiff's position were made prior to Plaintiff engaging in any protected activity.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The CITY alleges that Plaintiff's Complaint and all of its causes of action are barred as Plaintiff's accommodation requests would have caused undue hardship to the CITY.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful discrimination.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The CITY alleges that Plaintiff's Complaint and all of its causes of action are barred because the CITY's actions were neutral and were based on bona fide factors other than Plaintiff's actual or perceived disability or protected activity.

### FORTIETH AFFIRMATIVE DEFENSE

The CITY alleges that Plaintiff's Complaint and each of its causes of action are barred either in whole or in part by the doctrine of after-acquired evidence.

### FORTY-FIRST AFFIRMATIVE DEFENSE

The CITY alleges that it is immune from liability pursuant to Government Code section 818.8 which provides immunity for misrepresentations of public entity employees, whether such misrepresentations are negligent or intentional.

### FORTY-SECOND AFFIRMATIVE DEFENSE

The CITY is immune from liability pursuant to California Government Code section 821.6 for public entity employees instituting/prosecuting any and all judicial proceedings against Plaintiff which relate to the subject incident.

### FORTY-THIRD AFFIRMATIVE DEFENSE

The CITY alleges that Plaintiff was not subjected to an adverse employment action.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

The CITY alleges that Plaintiff did not engage in protected activity.

19

### FORTY-FIFTH AFFIRMATIVE DEFENSE

The CITY alleges that Plaintiff was not performing satisfactorily in her position.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Although the CITY's employment decisions were based on legitimate, nondiscriminatory reasons, in the event Plaintiff is able to show that retaliation was also a motive, the CITY asserts that the lawful motive alone would a have led to the same employment decisions.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

The CITY alleges that because the Complaint is couched in conclusory terms, the CITY cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

### PRAYER FOR RELIEF

WHEREFORE, defendant CITY OF ANTIOCH prays that:

1.      Plaintiff takes nothing by this action;

2.      Judgment be entered in favor of the CITY and against Plaintiff;

3.      The CITY be awarded its reasonable attorneys' fees;

4.      The CITY be awarded its costs of suit herein; and

5.      The CITY be awarded such further relief as this Court deems just and proper.

Dated:  May 20, 2020                                BERTRAND, FOX, ELLIOT, OSMAN & WENZEL


By:      */s/ Thomas F. Bertrand*
       Thomas F. Bertrand
       Ethan M. Lowry
       Attorneys for Defendant
       CITY OF ANTIOCH

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.: 3:20-cv-02764-TSH